IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Ramon Valenzuela Hernandez,<br><br>          Petitioner,<br><br>v.<br><br>David Shinn, Attorney General of the State of Arizona,<br><br>          Respondents. | No. CV-19-04502-PHX-DLR (CDB)<br><br>**ORDER** |

    Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Camille D. Bibles (Doc. 15) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  The R&R recommends that the Amended Petition be denied and dismissed with prejudice.  The magistrate judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court.  Petitioner filed an objection to the R&R on September 4, 2020, (Doc. 16), and Respondents filed their response on September 22, 2020 (Doc. 17).[1]  The Court has considered the objections and reviewed the Report and Recommendation de novo.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

    Petitioner was sentenced on September 1, 2009.  He filed his state Petition for Post-Conviction Relief ("PCR") on December 31, 2009, thirty days past the ninety-day

---

[1] Petitioner additionally filed an unsanctioned reply on October 2, 2020.  (Doc. 18.)

PCR deadline. The state court summarily dismissed his PCR as untimely pursuant to Arizona Rule of Criminal Procedure 32.4. Approximately five years later, from 2014 until 2017, Petitioner filed several collateral attacks on his conviction, all rejected by the state court as untimely and precluded under Rule 32.2. Petitioner then filed a petition for writ of habeas corpus but moved to have it dismissed without prejudice after an R&R was issued recommending that it be dismissed. He then filed an "Amended PCR" in state court on April 27, 2018, which was dismissed as untimely on August 27, 2018. Finally, on June 2019, Petitioner brought this Petition.

The R&R recommends dismissing the petition as untimely. The magistrate judge correctly found the Petition should be dismissed for failure to meet the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") limitations period. Congress set a one-year statute of limitations for all applications for writs of habeas corpus filed pursuant to § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitioner's Petition did not meet that one-year limitation.

The one-year habeas limitations period began to run when Petitioner's convictions became "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The state PCR deadline expired 90 days after sentencing, on November 30, 2009. On December 31, 2009, 31 days after the deadline expired, Petitioner filed his state PCR. The state court summarily dismissed the PCR on January 25, 2010, finding that it untimely. Petitioner did not seek review.

Because petitioner did not file a timely PCR in state court, the habeas limitations period was not tolled and began to run on November 30, 2009, 90 days after he was sentenced. The habeas limitations period expired one year later, on November 30, 2010. Petitioner filed this petition for writ of habeas corpus on June 19, 2019. The R&R recommends that the Court find that the Petition is untimely, that the limitations is not statutorily tolled and—because Petitioner did not show that he has been pursuing his rights diligently or that extraordinary circumstances stood in his way—he is not entitled to equitable tolling.

In his objection, Petitioner argues that a recent change in Arizona's criminal rules made his PCR timely. Rule 32.4(b)(3)(D) was amended to state: "[t]he court must excuse an untimely notice requesting post-conviction relief filed under subpart (3)(A) if the defendant adequately explains why the failure to timely file a notice was not the defendant's fault."

The amended rule does not transform his untimely PCR into a timely PCR for at least three reasons. First, the new rule is not retroactive. The amended rule applies to actions filed or pending as of January 1, 2020, unless the court determines that following the new rule would be "infeasible or work an injustice." Order No. R-19-0012.

Second, Petitioner has not attempted to "adequately explain[]" his late filing to the state court. This Court does not decide whether his state PCR is timely. Rather, that determination is left to the state court. The habeas limitations period is tolled while there is a pending timely PCR. However, Petitioner's PCR was untimely, and the rule does not offer a path to timeliness.

Third, the rule allows a new PCR to be filed outside the time limits but does not resurrect PCRs that have long expired. Whether the new state PCR rule applies and breathes new life into his PCR is a determination for state court. However, even if this Court could rule on Petitioner's attempt to resurrect his PCR, it does not appear to allow the re-filing of a dismissed PCR.

Petitioner further argues in his objection that he is entitled to equitable tolling. However, he has not shown diligence in the pursuit of his rights or that some extraordinary circumstance prevented him from timely filing. He must show both to receive its application. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner's lack of legal knowledge or miscalculation of time is not an extraordinary circumstance warranting equitable tolling. *Rasberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006). Rather, the history of Petitioner's pursuit of claims shows a lack of diligence. He first raised the double jeopardy claims asserted in his Petition four years after his conviction in his third untimely PCR. In addition, Petitioner's argument that his claim pursuit was

prevented by the extraordinary circumstance of being unable to present his claims in English is belied by the fact that his state PCRs were presented in English since December 2009.

In sum, Petitioner has failed to show any basis for statutory tolling, or equitable tolling. The Court therefore accepts the recommended decision of R&R within the meaning of Federal Rule of Civil Procedure 72(b) and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1).   Accordingly,

**IT IS ORDERED** that Petitioner's Objection to the R&R (Doc. 16) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (Doc.15) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by a plain procedural bar, reasonable jurists would not find the ruling debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall terminate this action.

Dated this 21st day of October, 2020.

Douglas L. Rayes
United States District Judge